JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In this accelerated appeal, appellant-plaintiff, Stella M. Whitley ("Mrs. Whitley"), and her husband appeal the trial court's summary judgment in favor of appellee National City Bank ("NCB"), and they assign the following error for our review:
 "The trial court erred by granting defendant-appellee's motion for summary judgment"
 {¶ 2} Having reviewed the record and pertinent law, we reverse and remand the trial court's decision. The apposite facts follow.
 TRIP AND FALL AT THE BANK {¶ 3} Mrs. Whitley sued NCB for personal injuries sustained when she tripped on a mat at NCB, sustaining injuries. Mr. Whitley sued for loss of consortium. NCB moved for summary judgment claiming that the Whitleys could not establish that there existed a latent danger.[1]
 {¶ 4} Mrs. Whitley stated at her deposition that on March 4, 2006, at approximately 12:30 p.m., she was at NCB to conduct a banking transaction. She *Page 4 
noted the bank was crowded as it was due to close at 1:00 p.m. She estimated there were about twenty-five customers waiting in line.
 {¶ 5} She entered the roped-off area where customers lined up to wait to conduct business with the tellers. The roped-off area had rubber backed mats placed over the carpeting. As she turned to enter the next roped-off area, she tripped and fell, injuring her face and shoulder. After the fall, she noticed that the mat's left corner was flipped over. She stated this was not the condition when she had previously observed the rug prior to her fall. She opined that one of the customers must have flipped it over; although she had not observed that happening.
 {¶ 6} The Whitleys also offered an affidavit of Shirley Blackwell. She described the area where she was on the day of the fall; although she did not see the actual fall, she stated the mats were long, narrow, carpet runners. They were dark brown and placed in rows of three in the roped-off area and in front of the tellers' stations. The mats were placed over the carpet. After Mrs. Whitley's fall, she noticed the dark brown mat was "buckled up and tangled."
 {¶ 7} The trial court granted NCB's motion for summary judgment without opinion.
 OPEN AND OBVIOUS {¶ 8} The issue in this appeal is whether summary judgment was warranted. We review an appeal from summary judgment under a de novo standard of review.[2] *Page 5 
Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[3] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the non-moving party.[4]
 {¶ 9} The open and obvious doctrine states that an owner of a premises owes no duty to persons entering those premises regarding dangers that are open and obvious.[5] The Supreme Court of Ohio reaffirmed the open and obvious doctrine in Armstrong v. Best Buy[6] The open and obvious nature of the hazard itself serves as a warning.[7] It is the character of the object that is the measure of its open and obvious nature. Thus, invitees may reasonably expect to discover those dangers and take appropriate measures to protect themselves.[8] When the open and *Page 6 
obvious doctrine is applicable, it obviates the duty to warn and acts as a complete bar to recovery.[9]
 {¶ 10} There are exceptions to this rule, namely, attendant circumstances.[10] Attendant circumstances refer to circumstances surrounding the event, such as the time and place of the event and the environment or background of the event, but particularly to conditions normally existing that unreasonably increase the normal risk of a harmful result.[11]
 {¶ 11} In this case, the invitee was in the bank on a busy morning and waiting with approximately 25 other people in the roped-off area where the mats were. The mats were laid over the carpeting and not tacked down. We conclude these circumstances constitute attendant circumstances, because the crowd of people shuffling over these untacked mats increased the risk of the mats rumpling, creating a risk of the customers falling. The condition was not open and obvious because Mrs. Whitley testified that the carpeting was not rumpled prior to her fall. However, she and her witness, Shirley Blackwell, both noticed that the mat was buckled and tangled after she fell.
 {¶ 12} Therefore, we conclude there was a genuine issue of fact regarding whether the attendant circumstances created conditions that made the rumpling of the carpet not open and obvious. That is, the multitude of customers shuffling over *Page 7 
the mats which were not tacked to the carpeting made it impossible to anticipate when they would rumple or flip over.
Judgment reversed and remanded.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, JUDGE
MARY EILEEN KILBANE, J., CONCURS; COLLEEN CONWAY COONEY, P.J., DISSENTS (SEE ATTACHED DISSENTING OPINION.)
[1] The Whitleys historically have maintained in this case that the mat was a latent danger. They argue that the mats were not fastened. A latent danger places on the business owner a duty to protect and a duty to warn. This argument is problematic because the rugs were observable. Consequently, the issue in this case is whether the open and obvious rule obviates the duty of NCB or whether the record establishes attendant circumstances. Attendant circumstances means that the invitee's attention was diverted and the danger significantly enhanced. Attendant circumstances may be established from the record, and we, under de novo review, may resolve this question, although the Whitleys did not specifically raise it. We note that NCB did raise the open and obvious doctrine; consequently, we resolve the issue of whether there were attendant circumstances that diverted Mrs. Whitley's attention as a matter of law.
[2] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[3] Id. at 192, citing Brown v. County Commrs. (1993),87 Ohio App.3d 704.
[4] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[5] Sidle v. Humphrey (1968), 13 Ohio St.2d, pg. one of the syllabus.
[6] 99 Ohio St.3d 79, 2003-Ohio-2573.
[7] Id. at 80.
[8] Id., citing Simmers v. Bentley Constr. Co., 64 Ohio St.3d 642,644, 1992-Ohio-42.
[9] Id. at 80.
[10] McGuire v. Sears, Roebuck Co. (1996), 118 Ohio App.3d 494.
[11] Id.; Cash v. Cincinnati (1981), 66 Ohio St.2d 319.