JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Madeline Simeone ("Simeone" or "Mrs. Simeone"), appeals from the judgment of the Cuyahoga County Court of Common Pleas which granted the motion for summary judgment of defendant-appellee, Schwebel Baking Company ("Schwebel"). For the reasons that follow, we reverse and remand.
 {¶ 2} A review of the record reveals the following: On February 16, 2006, at approximately 11:00 a.m., Mrs. Simeone, a 70-year old woman, and her daughter Karen Matejka ("Matejka") arrived at Schwebel Baking Company Outlet Store ("Schwebel") in Strongsville, Ohio.
 {¶ 3} The entrance to Schwebel has two doors separated by a foyer. One door separates the parking lot and the foyer and the second door separates the foyer from the store. In the foyer, shopping carts are stored for the use of the customers. A large heavy black commercial mat is on the floor of the foyer. The commercial mat is 4x6 feet, has a rubber back, and weighs approximately 12 pounds.
 {¶ 4} Mrs. Simeone and her daughter entered Schwebel through the first door, obtained a shopping cart in the foyer, and entered the store. Mrs. Simeone and her daughter shopped for approximately 15 minutes and noticed that other customers entered the store as well. After paying for their bread, Mrs. Simeone and her daughter proceeded to leave the store. *Page 2 
 {¶ 5} Matejka walked out into the foyer and opened the door leading to the parking lot. Mrs. Simeone, who was directly behind her daughter and still pushing the shopping cart, tripped over the commercial mat and fell to the floor, fracturing her right femur.
 {¶ 6} On February 23, 2007, Mrs. Simeone filed a complaint in the Cuyahoga County Court of Common Pleas against Schwebel alleging personal injury as a result of the fall.
 {¶ 7} On September 25, 2007, Schwebel filed its motion for summary judgment alleging that Mrs. Simeone could not establish that there was a hidden defect. On October 29, 2007, Mrs. Simeone filed her brief in opposition arguing that the mat was a latent defect because it was not secured to the floor. She also alleged that there were attendant circumstances that diverted her attention as a matter of law, to wit: she was pushing a shopping cart at the time of her fall. On November 7, 2007, the trial court granted Schwebel's motion for summary judgment without opinion.
 {¶ 8} It is from this decision that Mrs. Simeone now appeals and raises one assignment of error for our review.
 {¶ 9} "I. The trial judge erred, as a matter of law, in granting summary judgment in favor of defendant-appellee upon all claims." *Page 3 
 {¶ 10} In this assignment of error, Mrs. Simeone claims that the trial court erred in granting summary judgment in favor of Schwebel because genuine issues of material fact existed concerning her claim for personal injury.
 {¶ 11} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105, 1996-Ohio-336. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citing Dupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 12} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v.Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ. R. 56(C).
 {¶ 13} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient. The movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, *Page 4 
affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 1996-Ohio-107; Civ. R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 14} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in favor of Schwebel was appropriate.
 {¶ 15} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O.Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 680.
 {¶ 16} Here, it is undisputed that Mrs. Simeone was a business invitee at the time of her fall. Accordingly, Schwebel owed Mrs. Simeone a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden defects. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203. Schwebel did not have a duty to warn Mrs. Simeone of dangers that were open and obvious. See Armstrong v. BestBuy, 99 Ohio St.3d 79, 80, 2003-Ohio-2573 (the nature of the open and obvious hazard itself serves as the warning). If the open and obvious *Page 5 
doctrine is applicable, it obviates the duty to warn and acts as a complete bar to recovery unless the business invitee can establish attendant circumstances. Id. at 80; McGuire v. Sears, Roebuck Co.
(1996), 118 Ohio App.3d 494. Attendant circumstances refer to circumstances surrounding the event, such as time and place of the event and the environment or background of the event, but particularly to conditions normally existing that unreasonably increase the normal risk of a harmful event. Id.
 {¶ 17} Here, Mrs. Simeone exited the store pushing a shopping cart full of bread. She testified that she tripped and fell after the front wheels of the shopping cart got caught on the commercial mat. She testified that immediately after the fall, she noticed that the mat was "curled up." She testified that she did not know if the rug was flipped up before she fell because she was pushing the shopping cart filled with bread and not looking at the floor as she walked out.
 {¶ 18} We find that these circumstances constitute attendant circumstances, because the possibility of customers pushing shopping carts over a commercial mat increased the risk of the mat curling, rumpling, buckling, or sliding; thereby creating a risk of customers tripping and falling. The condition was not open and obvious because Mrs. Simeone testified that she did not notice the mat curled up prior to her fall. However, she and her daughter both noticed that the mat was curled up and *Page 6 
rumpled after she fell. See Whitley v. National City Bank, Cuyahoga App. No. 90095, 2008-Ohio-131.
 {¶ 19} Accordingly, we conclude that there was a genuine issue of fact with regard to whether attendant circumstances created conditions that made the curling of the mat not open and obvious. That is, the number of customers pushing shopping carts over the mat made it impossible to anticipate when it would curl or flip over. Id.
 {¶ 20} The sole assignment of error is sustained.
Judgment reversed and remanded.
It is ordered that appellant recover from appellee her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, ADMINISTRATIVE JUDGE
PATRICIA A. BLACKMON, J., CONCURS
 CHRISTINE T. McMONAGLE, J., DISSENTS *Page 7