McGUIRE et al., Appellants,

v.

SEARS, ROEBUCK & COMPANY et al., Appellees.

[Cite as *McGuire v. Sears, Roebuck & Co.* (1996), 118 Ohio App.3d 494.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950745.

Decided Sept. 25, 1996.

*Kimpel, Hyland, Weinkam & Goodson* and *J. Scott Mullins,* for appellants.

*Heath & Associates* and *James J. Heath,* for appellee Sears, Roebuck & Co.

*McCaslin, Imbus & McCaslin, R. Gary Winters* and *Matthew R. Skinner,* for appellee M.D. Construction Co., Inc.

GORMAN, Presiding Judge.

The plaintiffs-appellants, Evon and Phillip McGuire, appeal from the summary judgment granted by the trial court in favor of the defendants-appellees, Sears, Roebuck & Company ("Sears") and M.D. Construction, Inc. ("M.D."), on their claims for personal injuries and loss of consortium. In their single assignment of error, the McGuires contend that genuine issues of material fact exist as to the liability of Sears, the store owner, and M.D., the general contractor, when Evon McGuire tripped and fell in the store on an elevated row of ceramic tile installed by M.D. The assignment of error is not well taken.

The facts of this case are generally not disputed. The McGuires entered the Sears store at the Northgate Mall to shop. After entering the store, Evon McGuire, while following her husband, tripped and fell at a point where the dress and jewelry sections intersected. Evon McGuire testified upon deposition that her attention was directed toward the merchandise when she fell. After she fell, she discovered that she had tripped over a raised seam of ceramic tile. Although Evon McGuire estimated the height of the tile at approximately two and one-half to three inches, Sears in its answer to interrogatories gave the height as one-quarter inch, while a Sears employee testified upon deposition that it was one-

quarter to one-half inch in height. The record contains a photocopy of three photographs taken of the tile, but it is impossible to gauge any accurate measurement from these.

Evon McGuire conceded that the elevation was in an area that was well lit; that there was contrasting color between the tile and the floor; that her husband, who was carrying a weed trimmer to be returned to the garden center, had walked over the same area moments before without incident; and that had she been looking, she would have noticed the elevation. The evidence further established that the Sears store was undergoing construction during the period in question, and that signs were posted on the doors advising customers of this. In the specific area that McGuire fell, however, the evidence is vague with respect to whether there were any additional measures taken to warn customers of the elevation. A Sears employee testified that there was "a type of cone" and caution tape in the "general area," but he stated that he could not recall any particular safety measures taken in the specific area where the tile was located.

As a business invitee, Evon McGuire was owed a duty by Sears to maintain the store premises in a reasonably safe condition and to warn her of unreasonably dangerous latent conditions. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474. Liability of a store owner for failure to protect a customer against injuries on the premises is predicated in Ohio on the store owner's superior knowledge of the specific condition which caused the injury. *Debie v. Cochran Pharmacy–Berwick, Inc.* (1967), 11 Ohio St.2d 38, 40 O.O.2d 52, 227 N.E.2d 603. A store owner, however, owes no duty to warn business invitees of open and obvious dangers on the premises. *Paschal v. Rite Aid Pharmacy, Inc., supra,* at 203, 18 OBR at 267–268, 480 N.E.2d at 475. The rationale is that an open and obvious danger is itself a warning and the store owner "may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 644, 597 N.E.2d 504, 506; *Seltzer v. Abusway* (Jan. 11, 1995), Hamilton App. No. C–940062, unreported, 1995 WL 8954.

Upon this record the evidence is inconclusive with respect to the height of the ceramic tile. As noted, Evon McGuire claimed the tile to be two and one-half to three inches in height, whereas Sears and its employee put the height at between one-quarter and one-half inch. The photographic evidence does not resolve this discrepancy, and it is not the province of this court, or the court below, to attempt to determine this factual issue on a motion for summary judgment. However, the failure of the evidence to concretely establish the height of the tile does not create a triable issue because, no matter whether it was above or below two inches in height, the defendants are entitled to judgment as a matter of law.

■ If, as McGuire alleges, the height of the tile was two and one-half to three inches, in other words the size of a small step, it was incumbent upon her to avoid application of the "open and obvious" doctrine. While a pedestrian in a store "is not, as a matter of law, required to look constantly downward," *Grossnickle v. Germantown* (1965), 3 Ohio St.2d 96, 32 O.O.2d 65, 209 N.E.2d 442, paragraph two of the syllabus, the fact that Evon McGuire did not notice the elevation, as she states, does not render it a hidden danger which could not be discovered by reasonable inspection. In her deposition, Evon McGuire acknowledged that the area was well lit, that the tile contrasted with the color of the floor, and that had she been looking, she would have seen the elevation before she tripped and fell.

■ Although Evon McGuire alleges that her attention was distracted away from the floor by the women's clothing and jewelry departments adjacent to the walkway, we do not find this allegation sufficient to avoid the "open and obvious" doctrine. Concededly, this court in *Armentrout v. Associated Dry Goods Corp.* (Jan. 9, 1991), Hamilton App. No. C–890784, unreported, 1991 WL 1391, acknowledged that a store owner may be required to take added precautions despite the obvious nature of a condition when the store owner has reason to expect that the customer's attention may be distracted by goods on display, or that the customer may forget the condition after a lapse of time. *Armentrout,* however, should not be read so broadly to apply to any and all displays that are customarily encountered in retail settings. If this were true, a jury question would always exist in such cases because the store owner displayed goods for sale and subject to the customer's view. Rather, the exception to the "open and obvious" doctrine discussed in *Armentrout* applies only where the plaintiff offers evidence of particular circumstances rendering a particular display or area of display foreseeably unsafe. See *Yocono v. Rite Aid Corp.* (Sept. 29, 1993), Summit App. No. 16065, unreported, 1993 WL 379056 (distinguishing *Armentrout* ).

In the present case, Evon McGuire does not point to any particular display, or any particular aspect of the goods on display, that rendered the area of her fall unsafe. Rather, she testified only that she was "fascinated" by the women's clothing and jewelry and that her attention was therefore diverted. Such an allegation is too broad to avoid application of the "open and obvious" doctrine.

■ Furthermore, if the height of the tile is assumed to be, as alleged by Sears and its employee, one-quarter to one-half inch, the trial court could properly conclude that the difference in elevation between floor and tile was trivial and therefore not actionable as a matter of law. As determined by the Ohio Supreme Court in *Helms v. Am. Legion, Inc.* (1966), 5 Ohio St.2d 60, 34 O.O.2d 124, 213 N.E.2d 734, syllabus, an owner of private premises is not liable for injuries sustained as a result of a person tripping and falling on minor or trivial imperfections in the area traveled. This rule arose out of earlier cases

absolving municipalities of liability when the plaintiff had tripped and fallen over relatively insubstantial height variations between the concrete slabs forming public sidewalks. See *Kimball v. Cincinnati* (1953), 160 Ohio St. 370, 52 O.O. 237, 116 N.E.2d 708. Although both *Kimball* and *Helms* involved exterior walkways, the rule is predicated upon the principle that store owners and municipalities are not insurers and therefore not liable for injuries caused by such imperfections in the premises, which are commonly encountered.

Recently, we traced the evolution of the law in this area in *McLain v. Equitable Life Assur. Co.* (Mar. 13, 1996), Hamilton App. No. C–950048, unreported, 1996 WL 107513. We observed that the modern formulation of the "*Kimball* rule" was a presumption that height differences on public or private sidewalks of two inches or less are insubstantial or trivial as a matter of law, absent evidence of other "attendant circumstances" making the difference in elevation unreasonably safe. The "two-inch" rule has been criticized as "negligence by ruler" and is clearly most appropriate in those types of cases in which it historically arose, *i.e.*, exterior sidewalks and walkways where height variations of two inches or less are commonly encountered. Still, although we reject the "two-inch" rule as the same bright line indoors as it is outdoors, since a customer can expect a tiled or carpeted floor inside a store to be smoother than the sidewalk outside, we do think that in a case where the alleged defect is a difference in height of only between one-quarter and one-half inch, the rule is preserved to the extent that plaintiff must be able to point to some other factors, or "attendant circumstances," making such a slight elevation unreasonably unsafe.

As we noted in *McLain*, there is no precise definition of "attendant circumstances," but they generally include " 'any distraction that would come to the attention of a pedestrian in the same circumstances and reduce[d] the degree of care an ordinary person would exercise at the time.' " *Id.*, quoting *France v. Parliament Park Townhomes* (Apr. 27, 1994), Montgomery App. 14264, unreported, 1994 WL 151658. "The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. * * * Both circumstances contributing to and those reducing the risk of the defect must be considered." *Stockhauser v. Archdiocese of Cincinnati* (1994), 97 Ohio App.3d 29, 33–34, 646 N.E.2d 198, 201.

In the present case, the area in which Evon McGuire fell was well lit. Furthermore, Sears had alerted its customers that they might encounter construction by posting signs on the entrance doors. Additional measures in the form of cones and caution tape had been taken inside the store and in the general area where Evon McGuire fell, although not necessarily in the specific area. As noted, Phillip McGuire had walked over the same area without mishap moments before while carrying a weed trimmer. The McGuires have neither alleged nor

presented any evidence of other people tripping over the same seam of ceramic tile. The only colorable allegation of an "attendant circumstance" is Evon McGuire's testimony that her attention was drawn toward the jewelry and clothing on display. However, as we previously observed, she failed to point to any particular display or any particular aspect of the goods on display which would distinguish the area in question from one regularly encountered in a retail setting. We hold, therefore, if the elevation is assumed to be only one-quarter to one-half inch, the McGuires failed to present sufficient evidence of other attendant circumstances to create a triable issue whether such a minor variation constituted a substantial as opposed to trivial defect.

Civ.R. 56(C) provides that the nonmoving party to a summary judgment is entitled to have the evidence and inferences therefrom construed most strongly in his favor. *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 315. Questions of credibility are to be resolved only by the trier of facts. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 341–342, 617 N.E.2d 1123, 1127. However, Civ.R. 56(E) also provides that the nonmoving party "must set forth *specific facts* showing that there is a genuine issue for trial." (Emphasis added.) Because the standard for summary judgment is held to mirror the standard for a directed verdict, the evidentiary material must establish that the nonmoving party's claim is more than simply colorable. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273–274. Whether a genuine issue of material fact exists depends on whether the evidence presents "a sufficient disagreement to require submission to a jury" or whether it is so "one-sided that one party must prevail as a matter of law." *Turner*, 67 Ohio St.3d at 340, 617 N.E.2d at 1126 (citing *Anderson v. Liberty Lobby, Inc.* [1986], 477 U.S. 242, 251–252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202, 213–214).

In light of this record, particularly Evon McGuire's own deposition, the trial court was entitled to conclude that Sears satisfied its burden for summary judgment pursuant to Civ.R. 56(C) as mandated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274.

▮▮▮ It is unnecessary to address at length M.D.'s arguments set forth in its brief since M.D. was, likewise, entitled to have its motion for summary judgment granted by the trial judge. As an independent contractor and not a store owner, M.D. cannot avail itself of the "open and obvious" doctrine *per se* and was required to warn Sears's customers of any foreseeable risk of harm it created on the premises. *Simmers v. Bentley Constr. Co., supra*, 64 Ohio St.3d 642, 597 N.E.2d 504, syllabus. However, because we have held that the record does not demonstrate that the elevation of the ceramic tile created a foreseeable risk of harm, either because it was too trivial or because it was too noticeable and should

have been discovered with ordinary care, the trial court correctly granted summary judgment in favor of M.D.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.