DECISION.
Plaintiff-appellant David Wehrle appeals from the trial court's order granting summary judgment in favor of defendant-appellee ABC Supply Company. Wehrle sought damages for personal injuries sustained when he stepped into an uncovered water run-off drain near ABC's loading dock. In a single assignment of error, Wehrle contends that genuine issues of material fact preclude the trial court's ruling that, as a matter of law, the drain was an open and obvious hazard. The assignment of error is well taken. We havesua sponte removed this cause from the accelerated calendar.
On June 6, 1995, Wehrle placed an order for construction materials at the sales counter and proceeded to the loading dock. While waiting, he stood between the dock and a parked truck that was being loaded. The truck obscured Wehrle's view of the uncovered drain. For several weeks, while ABC sought a replacement drain cover, the dock manager covered the drain with a skid of shingles. Later, a four-foot-square sheet of plywood was used to cover the open drain.
In his deposition,[1] which is not contradicted in the record, Wehrle testified that when a bay became available, he started for his truck. He stepped backwards into the uncovered drain and was injured. According to Wehrle, he did not see the drain because it had been hidden from view by the parked truck. The plywood sheet was found propped against the loading dock. Wehrle maintains that he received no warning about the uncovered drain from ABC employees, and that he did not see the open drain before stepping back.
As a business invitee, Wehrle was owed a duty by ABC to maintain the store premises in a reasonably safe condition and to warn him of unreasonably dangerous latent or concealed perils. Paschalv. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 203-204,480 N.E.2d 474, 475. ABC did not, however, owe Wehrle a duty to warn of open and obvious dangers on its premises. Id. at 203, 480 N.E.2d at 475. The rationale is that an open and obvious danger is itself a warning, and the store owner "may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves."Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642,644, 597 N.E.2d 504, 506; McGuire v. Sears, Roebuck andCompany (1996), 118 Ohio App.3d 494, 497, 693 N.E.2d 807, 809.
The record establishes that ABC, as the party moving for summary judgment, met its initial burden under Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274, by establishing that the drain, located three feet from the base of the loading dock, was twelve inches in diameter and about two feet deep. ABC claimed, inter alia, that since no truck was parked over the uncovered drain when Wehrle stepped into it, the drain was an open and obvious hazard, and that ABC was relieved from any duty to warn Wehrle of its presence.
We hold, however, that Wehrle's uncontradicted testimony satisfied his reciprocal burden to demonstrate that the drain was hidden from view by the parked truck. See Dresher v. Burt; Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801. Construing the evidence most strongly in favor of Wehrle, as required by Civ.R. 56, we hold that Wehrle has discharged his reciprocal burden by demonstrating a genuine issue of material fact as to the open and obvious nature of the uncovered drain.
Further, the question of whether Wehrle's contributory negligence in stepping backwards is the proximate cause of his injury is also an issue of fact for the jury to decide pursuant to the comparative-negligence provisions of R.C. Chapter 2315. Texler v.D.O. Summers Cleaners (1998), 81 Ohio St.3d 677, 681,693 N.E.2d 271, 274. As we cannot conclude that reasonable minds can come to but one conclusion, adverse to Wehrle, the assignment of error is sustained. Civ.R. 56(C); Davis v. Loopco Industries, Inc. (1993),66 Ohio St.3d 64, 65-66, 609 N.E.2d 144, 145.
Therefore, the trial court's judgment is reversed, and this cause is remanded for further proceedings in accordance with law and consistent with this decision.
Judgment reversed and cause remanded.
Gorman, P.J., Painter and Winkler, JJ.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] The May 24, 1996, deposition testimony of Wehrle was available to and was used by the trial court in reaching its decision. This testimony is preserved for our review in the deposition properly filed in this court pursuant to App.R. 9(E) on October 3, 1998.