OPINION
The plaintiff-appellant, Gayle A. Wilson, appeals from the summary judgment granted against her by the trial court on her claim for personal injuries suffered when she tripped and fell on the edging of a flower garden located in the sidewalk of a branch of the PNC Bank. In Wilson's three assignments of error, she argues that genuine issues of material fact exist concerning the negligence of Spinnenweber Builders, Inc., the property owner, and PNC, the tenant, by failing to warn her of the danger posed by the flower garden. Because the record is conclusive that any hazard presented by the flower garden was open and obvious, thus precluding a duty to warn by either Spinnenweber or PNC, we affirm the grant of summary judgment by the trial court.
 FACTS
The undisputed facts are contained in Wilson's deposition and in her affidavit of August 3, 1999. She stated that "for years" she had patronized the PNC Mariemont branch once or twice a week. On March 31, 1997, while going to the bank to make a deposit, she walked around the flower garden located "almost immediately in front of the entrance" and entered. She acknowledged that the brick edging and garden were "obvious" and were "not hidden." Photographic evidence attached to her deposition confirms this conclusion. In her affidavit, she stated that the edge of the garden closest to the entrance was seven and one half feet from the door, and that the sidewalk surrounding the garden on both sides provided access to the bank for pedestrians.
Upon leaving the bank, Wilson used the sidewalk to the right of the garden. She testified that her attention was diverted from the garden by a walk signal across the street and by the blinding noonday sun. She stated that she "miscalculated" and tripped on the on the corner of the three-inch elevated brick edging, causing her to fall.
 SUMMARY JUDGMENT
The function of summary judgment is to determine from the evidentiary materials if triable factual issues exist. A motion for summary judgment shall be granted if the trial court, after viewing the facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, and affidavits in a light most favorable to the party opposing the motion, determines (1) that no genuine issue of material fact remains to be litigated; (2) that the moving party is entitled to judgment as a matter of law; and (3) that the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. Civ.R.56(C).
The party moving for summary judgment "bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v.Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274. When, as here, the moving party discharges its burden, the nonmoving party has the reciprocal burden of producing evidence on the issues for which it bears the burden of production at trial. Id.;Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798,801.
 ANALYSIS
The occurrence of an injury to a business invitee does not give rise to a presumption of negligence by the owner or occupier of the premises. Parras v. Std. Oil Co. (1953), 160 Ohio St. 315,116 N.E.2d 300, paragraph one of the syllabus. To establish a claim for negligence, the plaintiff must prove that (1) the business owner or operator owed a duty of reasonable care to the invitee; (2) the business owner or operator breached its duty of reasonable care; and (3) the invitee sustained injuries proximately caused by the breach.
It bears emphasis, in a case such as this, that one who invites the public onto its premises to transact business is not an insurer of their safety. Debbie v. Cochran Pharmacy-Berwick, Inc.
(1967), 11 Ohio St.2d 38, 40, 227 N.E.2d 603, 605. In Ohio, premises liability is predicated on an owner or occupier's superior knowledge of the specific condition that caused injuries to a business invitee. Id. at 40, 227 N.E.2d at 606; McGuire v.Sears, Roebuck Co. (1996), 118 Ohio App.3d 494, 497,693 N.E.2d 807, 809. An owner or occupier has a duty to maintain the premises in a reasonably safe condition and to warn business invitees of unreasonably dangerous latent conditions. Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 480 N.E.2d 474,475. This duty includes an obligation to inspect the premises, as well as the exterior walkways, for possible dangerous conditions that may be unknown, and to take reasonable precautions to protect business invitees from foreseeable dangers. Perry v. EastgreenRealty Co. (1978), 53 Ohio St.2d 51, 52, 372 N.E.2d 335, 336, quoting Prosser, Law of Torts (4 Ed. 1971) 392-393.
The trial court stated in its written decision that, in granting summary judgment in favor of Spinnenweber and PNC, it relied on the "open and obvious doctrine." This doctrine provides that the owner or occupier has no duty to warn business invitees of open and obvious dangers on the premises. Paschal, supra, at 203-204, 480 N.E.2d at 475. The rationale for the doctrine is that an open and obvious condition is itself a warning of the danger, and the owner or occupier of the premises "may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves."Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644,597 N.E.2d 504, 506; McGuire, supra, at 497, 693 N.E.2d at 809.
In her first assignment of error, Wilson argues that the issue of whether the flower garden created an unreasonable risk of harm to business invitees involved genuine issues of material fact and comparative negligence. She argues that the jury should have been allowed to consider whether the location of the flower garden, the distraction caused by the walk light, and the blinding effect of the noonday sun were sufficient to avoid application of the open-and-obvious doctrine. We disagree.
Concededly, as a narrow exception to the open-and-obvious doctrine, a business owner must take added precautions, despite the obvious nature of the danger, if it is reasonably foreseeable that the customer's attention may be distracted by merchandise on display or that the customer may forget the presence of the danger after a lapse of time. McGuire, supra, at 498,693 N.E.2d at 809. Distractions by walk lights or the sun, however, are unrelated to the owner or occupier's business and are beyond the owner or occupier's control.
The issue of comparative negligence is never reached, furthermore, if the owner or occupier of the premises owes no duty. The photographic evidence and Wilson's own admissions demonstrate conclusively that the brick edging and flower garden were not latent, but were plainly visible. To the extent that the edging and flower garden posed any hazard, it was certainly the type of hazard that a business invitee would be expected to perceive and take appropriate measures to avoid. Because the open-and-obvious doctrine obviated any duty to warn, there was no negligence to compare pursuant to R.C. 2315.19. See Anderson v. Ruoff (1995),100 Ohio App.3d 601, 654 N.E.2d 449.
In her second assignment of error, Wilson argues that standards for premises liability create an unconstitutional suspect class based on wealth because they derive solely from the status of the person injured, thus favoring property owners and occupiers over other negligence defendants. During oral argument, counsel for Wilson withdrew this assignment. We are, furthermore, unable to find in the record where Wilson addressed this constitutional issue below. Failure to raise a constitutional issue in the trial court, when the issue is apparent at the time of trial, constitutes a waiver of such issue on appeal. Remley v.Cincinnati Metropolitan Housing Authority (1994), 99 Ohio App.3d 573,574, 651 N.E.2d 450, 451, citing State v. Awan (1986),22 Ohio St.3d 120, 489 N.E.2d 277, syllabus.
In her third assignment of error, Wilson argues that the location of the flower garden violated Mariemont Ordinance 56.30 and therefore constituted negligence per se. Again we disagree.
Violation of a municipal ordinance prohibiting a specific act, when the prohibition is designed to protect the general public, constitutes negligence per se. Eisenhuth v. Moneyhon (1954),161 Ohio St. 367, 119 N.E.2d 440, paragraph three of the syllabus. However, only after its amendment on August 10, 1998, did Section 56.30 expressly prohibit the construction of planting containers in sidewalks. The repealed version of the ordinance — the version in effect when Wilson fell — stated only that "it shall be unlawful to encumber any sidewalk space with goods, wares, merchandise or other materials." We do not interpret this earlier language to have included flower gardens.
Because Wilson did not raise the issue of negligence per se in the trial court until she moved for reconsideration of the trial court's decision granting the motion for summary judgment, Spinnenweber and PNC argue that Wilson did not preserve the issue for appeal. Her motion for reconsideration, however, was filed before the entry of a final judgment. Therefore Wilson did, in fact, call the ordinance to the attention of the trial court at a time when it could have considered the ordinance. See State v.1981 Dodge Ram Van (1988), 36 Ohio St.3d 168, 170, 522 N.E.2d 524,526. Even so, the earlier version of this ordinance, as we have determined, did not apply to landscape designs.
Accordingly, Wilson's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 ____________________________________ GORMAN, Presiding Judge.
 SUNDERMANN, J., concurs. PAINTER, J., concurs in judgment only.