DECISION AND JOURNAL ENTRY
Appellant Alinda Hand has appealed from a judgment of the Lorain County Common Pleas Court that granted summary judgment in favor of Appellee Paragon Steakhouse Resturants, dba Mountain Jacks ("Mountain Jacks"). This Court affirms.
 I.
On September 28, 1995, Hand entered a Mountain Jacks restaurant, where she met two friends for lunch. All three were led to their table by a hostess. In order to reach their destination, the trio had to pass through an illuminated threshold and down two steps which led into the dining room. After being advised to watch her step by the hostess, Hand nevertheless caught her heel the first interior step and fell. She immediately stood up and continued to her table. After lunch, Hand returned to work and never reported the incident to Mountain Jacks' management.
On January 23, 1997, she filed a complaint in the Lorain County Common Pleas Court, alleging negligence on the part of Mountain Jacks and damages as a result of her fall. That suit was voluntarily dismissed on November 25, 1997. On February 12, 1998, the matter was refiled. Thereafter, Mountain Jacks moved for summary judgment. After briefing, the trial court granted summary judgment in favor of Mountain Jacks, holding that Hand failed to present any evidence to refute Mountain Jacks' claims that (1) the steps were not open and obvious hazard, (2) the steps did not constitute an unreasonably dangerous condition, and (3) the hostess' warning was adequate. Hand timely appealed, asserting one assignment of error.
 II. The trial court improperly granted [Mountain Jacks'] motion for summary judgment.
 In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429. Then, and only then, there is a reciprocal burden on the nonmoving party to respond by showing that there are genuine issues of material fact to be tried. Id. at 430.
In the case at bar, the record reveals that Hand was a business invitee of Mountain Jacks. As such, it owed Hand a duty of ordinary care to maintain its premises in a reasonably safe condition so that Hand would not be unnecessarily and unreasonably exposed to danger. See Orndorff v. Aldi, Inc. (1996), 115 Ohio App.3d 632,636, citing Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. However, there is no duty to protect an invitee from those dangers that are open and obvious. Paschal, at 203-204. The rationale behind this "no duty rule" is that the open and obvious nature of the hazard serves, in and of itself, as a warning and permits the landowner to reasonably rely on the invitee to take the appropriate steps to protect him or herself.Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644. Minor or trivial imperfections on the premises which are commonly encountered and to be expected as a matter of law do not form a basis of liability. Helms v. American Legion, Inc. (1966), 5 Ohio St.2d 60, syllabus; Baldauf v. Kent State Univ. (1988), 49 Ohio App.3d 46,48-49. "In such cases it is enough if the condition is obvious, or is made obvious (e.g. by illumination)." Baldauf,49 Ohio App.3d at 49, quoting 2 Harper James, Law of Torts (1974) 1489-1491, Section 27.13.
In support of its motion for summary judgment, Mountain Jacks argued that the condition of the threshold rendered it open and obvious. It pointed out that the door frame and each step were individually lit. Mountain Jacks also offered Hand's deposition, in which she stated that she had observed her companions traverse the steps and that she fell because she had caught her heel. She even conceded that before she crossed over, she was alerted to the steps' existence by the hostess.
In response, Hand first argued that the step from which she fell was an "unnatural step." She claimed that because (1) the distance from the lip of the second step to the floor is less than that of the first step to the second and (2) the step's relatively short depth, it presented an unnecessary and unreasonable danger. Second, Hand argued that she did not fully appreciate the risk. Essentially, she has claimed that the dim lighting motif of the restaurant combined with this particular set of steps presented an unreasonably dangerous condition. Under such factual circumstances, it becomes incumbent upon an invitee to avoid application of the "open and obvious" doctrine. McGuire v. Sears,Roebuck Co. (1996), 118 Ohio App.3d 494, 498. While a customer in a store or restaurant "is not, as a matter of law, required to look constantly downward," the fact that Hand did not notice a difference in elevation prior to her fall does not render the steps a hidden danger. See id., quoting Grossnickle v. Germantown
(1965), 3 Ohio St.2d 96, paragraph two of the syllabus. See, also,Maky v. Patterson, Inc. (July 5, 1996), Geauga App. No. 96-G-1962, unreported, 1996 Ohio App. LEXIS 3002, at *8. Moreover, the steps and doorway were both lit with track lighting, her friends had just passed over the threshold in front of her, and she was attempting to use the steps herself. The fact that the area was dimly lit was clearly evident to all who passed through it. SeeOrens v. Ricardo's Restaurant (Nov. 14, 1996), Cuyahoga App. No. 70403, unreported, 1996 Ohio App. LEXIS 4944, at *11. Even without the hostess' warning, the steps were of an open and obvious nature.[1] Without more, the conditions at the time of Hand's fall do not transform into an unnecessary and unreasonable condition. See Baldauf, 49 Ohio App.3d at 49 (noting that individuals can hurt themselves on almost any condition of the premises, including an ordinary flight of stairs); see, also,Field v. Loder (Oct. 28, 1999), Cuyahoga App. No. 74887, unreported, 1999 Ohio App. LEXIS 5055, at *8 (holding lack of lighting and the presence of debris on stairs were open and obvious dangers). As such, the trial court's determination that her claim was barred by the open and obvious doctrine was proper. Hand's assignment of error is without merit.
 III.
The sole assignment of error raised on appeal is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT BAIRD, P.J., SLABY, J., CONCUR.
[1] In a case where the alleged hazard is so trivial or minor and is of a type routinely encountered, the question of notice becomes irrelevant. Baldauf, 49 Ohio App.3d at 50.