[Cite as *Schubert v. Univ. of Akron-Wayne College*, 2010-Ohio-5910.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SALLY SCHUBERT

     Plaintiff

     v.

UNIVERSITY OF AKRON-WAYNE COLLEGE, et al.

     Defendants
     Case No. 2009-07105

Judge Alan C. Travis

<u>DECISION</u>

{¶ 1} On August 23, 2010, defendants filed a motion for summary judgment pursuant to Civ.R. 56. On October 4, 2010, plaintiff filed a response. On October 7, 2010, the court conducted an oral hearing on the motion.[1]

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party

against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 4}** On August 27, 2007, plaintiff began her first day as a student at defendant's college.[2] At approximately 5:30 p.m., plaintiff attempted to enter a set of doors near the library. Plaintiff pulled the door open with her right hand, stepped through the doorway with her left foot, and held the door open with her right hand to pull her rolling book bag through the doorway. As she entered the building, plaintiff's right foot caught on the lip of the threshold of the doorway causing her to fall. Another student notified a security guard about the accident. An ambulance was called, and the security guard completed an incident report. As a result of the fall, plaintiff sustained both a fractured hip and femur.

**{¶ 5}** Plaintiff asserts that defendant was negligent when it allowed a dangerous condition to exist on its premises; namely, a raised threshold at the doorway. Plaintiff further asserts that the defective condition of the threshold violates section 1008.1.6 of the Ohio Building Code.

**{¶ 6}** Defendant argues that the raised threshold was an open and obvious condition, and that the building where plaintiff fell was in compliance with the code when it was constructed in 1972.

**{¶ 7}** In order for plaintiff to prevail upon her claim of negligence, she must prove by a preponderance of the evidence that defendant owed her a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

**{¶ 8}** Under Ohio law, the duty owed by an owner or occupier of premises generally depends on whether the injured person is an invitee, licensee, or trespasser.

---

[1]At the hearing, over defendants' objection, the court found that plaintiff's response was timely filed. In addition, defendants were granted leave to file a reply.

[2]"Defendant" shall be used to refer to The University of Akron - Wayne College throughout this decision.

*Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 1996-Ohio-137. Plaintiff was on defendant's premises for purposes that would classify her as an invitee, defined as a person who comes "upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Baldauf v. Kent State Univ.* (1988), 49 Ohio App.3d 46, 47. An owner or occupier of premises owes its invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Armstrong*, supra, at 80.

{¶ 9} Plaintiff submitted the affidavit of William J. Marras, a registered architect in the State of Ohio, who avers that the entry/exit assemblies of the doorway where plaintiff fell do not comply with the Ohio Building Code. Plaintiff asserts that the affidavit creates issues of fact which preclude the granting of summary judgment. However, even if the height of the threshold were to be determined to be in violation of the Ohio Building Code, the Supreme Court of Ohio has stated that "[t]he open-and-obvious doctrine may be asserted as a defense to a claim of liability arising from a violation of the Ohio Basic Building Code." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, paragraph one of the syllabus.

{¶ 10} "Open-and-obvious hazards are those hazards that are neither hidden nor concealed from view and are discoverable by ordinary inspection. '[T]he dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an "open and obvious" condition under the law. Rather, the determinative issue is whether the condition is observable.' Put another way, the crucial inquiry is whether an invitee exercising ordinary care under the circumstances would have seen and been able to guard himself against the condition. Thus, this court has found no duty in cases where the plaintiff could have seen the condition if he or she had looked even where the plaintiff did not actually notice the condition before falling." *McConnell v. Margello*, Franklin App. No. 06AP-1235, 2007-Ohio-4860, ¶10. (Internal citations omitted.)

{¶ 11} Furthermore, plaintiff has a duty to exercise some degree of care for her own safety while walking. See *Lydic v. Lowe's Companies, Inc.*, Franklin App. No. 01AP-1432, 2002-Ohio-5001, at ¶16. "A pedestrian's failure to avoid an obstruction because he or she did not look down is no excuse." Id.

**{¶ 12}** "[U]nless the record reveals a genuine issue of material fact as to whether the danger was free from obstruction and readily appreciable by an ordinary person, it is appropriate to find that the hazard is open and obvious as a matter of law." *McConnell*, at ¶11, citing *Freiburger v. Four Seasons Golf Ctr., L.L.C.*, Franklin App. No. 06AP-765, 2007- Ohio-2871.

**{¶ 13}** Plaintiff asserts that attendant circumstances at the time of her fall create an issue of fact as to whether the threshold of the doorway was an open and obvious hazard. Plaintiff asserts that prior to her fall, she was navigating a rolling book bag full of books and that it would be unreasonable to expect that she could have noticed the height difference in the doorway.

**{¶ 14}** However, attendant circumstances do not include plaintiff's activity at the moment of the fall, unless her attention was diverted by an unusual circumstance of the property owner's making. See *McGuire v. Sears, Roebuck & Co.*, (1996), 118 Ohio App.3d 494, 498.

**{¶ 15}** In her deposition, plaintiff stated that the weather that day was warm and sunny; that the lighting in the hallway to the building was "good"; that she had a clear view of the door as she approached it; and that when she pulled the door open, she was attempting to simultaneously get herself and her rolling book bag through the door. Plaintiff also testified that the grounds outside of the door were clear and that nothing on the ground or floor obstructed her view of the threshold.

**{¶ 16}** Construing the evidence most strongly in plaintiff's favor, the court finds that the threshold of the doorway was observable, and, thus, it was an open and obvious condition. Furthermore, plaintiff's deposition testimony establishes that her attention was not diverted by any unusual circumstance of defendant's making when she crossed the threshold of the building. Indeed, plaintiff's actions of maneuvering a rolling book bag through the doorway cannot, as a matter of law, constitute an attendant circumstance. Accordingly, defendant owed no duty to plaintiff, and plaintiff's claim of negligence is barred as a matter of law.

**{¶ 17}** Based upon the foregoing, defendants' motion for summary judgment shall be granted and judgment shall be rendered in favor of defendants.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SALLY SCHUBERT

     Plaintiff

     v.

UNIVERSITY OF AKRON-WAYNE COLLEGE, et al.

     Defendants
     Case No. 2009-07105

Judge Alan C. Travis

<u>JUDGMENT ENTRY</u>

An oral hearing was conducted in this case upon defendants' motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendants' motion for summary judgment is GRANTED and judgment is rendered in favor of defendants. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Barry M. Ward
One Cascade Plaza, Suite 1000
Akron, Ohio 44308

Jennifer A. Adair
John P. Reichley
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

HTS/cmd
Filed November 10, 2010
To S.C. reporter December 1, 2010