[Cite as *Von Gunten v. Wal-Mart Stores, E., Inc.*, 2011-Ohio-4976.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROBERTA VON GUNTEN, ET AL. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| WAL-MART STORES EAST, INC. | : | Case No. 2011CA00037 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                             Pleas, Case No. 2010CV02429


JUDGMENT:                     Affirmed


DATE OF JUDGMENT:             September 26, 2011


APPEARANCES:

For Plaintiffs-Appellants                For Defendant-Appellee

RANDALL M. TRAUB                         RICARDO J. CARDENAS
8040 Cleveland Avenue, NW                222 South Main Street
Suite 400                                Akron, OH  44308
North Canton, OH  44720

*Farmer, J.*

{¶1} On January 25, 2009, appellant, Roberta Von Gunten, fell at a Sam's Club store and sustained injuries.

{¶2} On June 29, 2010, appellant, together with her husband, Richard Von Gunten, filed a negligence complaint against appellee, Wal-Mart Stores East, Inc. Appellee filed a motion for summary judgment on November 19, 2010, claiming the open and obvious doctrine. By judgment entry filed January 26, 2011, the trial court granted the motion.

{¶3} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

I

{¶5} Appellants claim the trial court erred in granting appellee's motion for summary judgment. We disagree.

{¶6} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶7} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and

viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶9} It is undisputed that appellant was a business invitee. Accordingly, appellee owed appellant a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden defects. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203. The open and obvious doctrine, if applicable, is a complete bar to recovery unless the business invitee can establish attendant circumstances. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St.3d 79, 2003–Ohio–2573. The rationale underlying the open and obvious doctrine is that the "open and obvious nature of the hazard itself serves as a warning and that the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Hunter v. Jamin Bingo Hall,* Lucas App. No. L–08–1086, 2008–Ohio–4485, ¶8. "Although there is no precise definition of 'attendant circumstances,' they generally include any distraction that would come to the attention of an invitee in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." *Carter v.*

*Miles Supermarket,* Cuyahoga App. No. 95024, 2010–Ohio–6365, ¶18, citing *McGuire v. Sears, Roebuck & Co.*(1996), 118 Ohio App.3d 494.

{¶10} Appellant claims as she was entering the Sam's Club store, her attention was diverted when a door greeter asked her for her membership card, causing her to trip over a wet, crumpled carpet and fall. Appellant's Brief at 4-5. In her deposition at 12, appellant explained the incident as follows:

{¶11} "A. We got out of the car and locked the car up. We came across the parking lot. We entered into the store. My husband went to the right to get a cart and I came into the store. The greeter was there expecting me to have this card ready, because you have to show your card when you get in there.

{¶12} "The carpet buckled. I caught my toe on the carpet and I stumbled. I tried to get my balance. I fell into the metal door frame with my head, hitting it right above the right eye."

{¶13} Appellant claims the process in which one must present their membership card to the door greeter distracted her. Von Gunten depo. at 14-18. However, she could not remember if she had her membership card out or if she was retrieving it from her purse. Id. at 21. She admitted that nothing obstructed her view of the mats as she entered the store, but she had no recollection of actually looking at the mats prior to her fall. Id. at 15-16.

{¶14} In her affidavit filed with her January 14, 2011 memorandum in opposition to the motion for summary judgment, appellant claimed she was reaching into her purse to retrieve the membership card and the presence of the greeter distracted her.

{¶15} Despite the inconsistencies, what appellant was doing cannot qualify as attendant circumstances. What is central to the attendant circumstances rule as an exception to the open and obvious doctrine is that the circumstance must be a condition or distraction caused by the premises owner and not of the plaintiff's own making.

{¶16} As is obvious from the videotape of appellant's fall, she entered the Sam's Club store and tripped on the edge of the mat located in the vestibule between the two doors, the outside doors and the second set of interior doors. The greeter was positioned on the other side of the second set of doors, inside the store. By her own admission, she was walking in the middle of the doorways with nothing obstructing her view of the mats. Von Gunten depo. at 14-15. What is also apparent from the videotape is that the mat had a buckle along its edge which was clearly visible.

{¶17} Upon review, we find no evidence that the presence of the greeter to check one's membership card was an attendant circumstance which caused appellant's fall. Therefore, the trial court did not err in granting summary judgment to appellee.

{¶18} Appellee's additional issues pertaining to the inconsistencies between appellant's deposition and her affidavit have no bearing on the decision given the videotape of the incident.

{¶19} The sole assignment of error is denied.

{¶20} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. concur and

Hoffman, J. dissents.


_s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_____

JUDGES


SGF/sg 908

*Hoffman, J., dissenting*

(¶21) I respectfully dissent from the majority opinion. When considering the evidence in the light most favorable to Appellant as required by Civ.R. 56, I find reasonable minds could differ as to whether attendant circumstances existed to obviate the open and obvious doctrine.[1] Specifically, whether the procedure of requiring customers to present their identification to the greeter distracted Appellant from seeing the otherwise open and obvious crumbled mat.

_____
HON. WILLIAM B. HOFFMAN

---

[1] Upon my review of the videotape, I find it inconclusive on the key issue as to whether attendant circumstances existed at the time of Appellant's fall.

[Cite as *Von Gunten v. Wal-Mart Stores, E., Inc.*, 2011-Ohio-4976.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROBERTA VON GUNTEN, ET AL. | : | |
| Plaintiffs-Appellants | : | |
| -vs- | : | JUDGMENT ENTRY |
| WAL-MART STORES EAST, INC. | : | |
| Defendant-Appellee | : | CASE NO. 2011CA00037 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.  Costs to appellants.


s/ Sheila G. Farmer_____


\_s/ W. Scott Gwin_____


_____

JUDGES