DECISION AND JUDGMENT ENTRY
{¶ 1} In this accelerated appeal, appellant, Bradley J. Clark, appeals the Lucas County Court of Common Pleas grant of summary judgment to appellees, Nimate Naimy, d.b.a. Laskey and Jackson BP ("Naimy"), and BP Products North America, Inc. ("BP").
 {¶ 2} On the evening of April 18, 2001, appellant and his housemate, Kevin Radebaugh, delivered a washer and dryer. The appliances were purchased by a third party from appellant for $160. As they were returning to their residence, they noticed that the gas gauge on appellant's van indicated that the gas tank was empty. They therefore stopped at a BP service station located on the corner of Cherry Street and Central Avenue in Toledo, Ohio. This particular station is operated by Naimy, a lessor/dealer of BP premises and products.
 {¶ 3} As appellant was attempting to insert his BP credit card in the gas pump, three young males approached him and repeatedly asked him to allow them to pump his gas. In his deposition, appellant stated this was a recurring problem at some gas stations. Appellant refused their offers and abandoned his attempts to use his credit card. While he was prepaying for his gasoline, he told the cashier that the three men were "harassing" him.
 {¶ 4} Appellant returned to the gas pump and started fueling the van. The three males approached him again and demanded his money. One of the men had a gun. When appellant resisted their attempt to rob him, the men assaulted appellant, who was eventually thrown to the ground. The men took the $160 appellant received for the washer and dryer and fled when they heard police sirens.
 {¶ 5} Appellant filed a negligence action against Naimy and BP. He claimed that appellees knew of the dangerous conditions existing at the Cherry Street service station and failed to take steps to protect their customers. Appellant also alleged that this failure to protect "was willful and malicious misconduct which requires an award of punitive damages." In his deposition, appellant asserted that, as a result of the assault, he had a cracked tooth and suffered a "bruised" rotator cuff. Appellant, however, never sought dental or medical care for these alleged injuries.
 {¶ 6} After the parties engaged in discovery, Naimy and BP[1] each filed a motion for summary judgment. On June 30, 2004, the trial court granted both motions for summary judgment. The court determined, in essence, that, under a totality of the circumstances test, the harm to appellant was not foreseeable; therefore, appellees had no duty to protect him. Appellant appeals this judgment and offers the following assignments of error for our review:
 {¶ 7} "The trial court erred to the prejudice of appellant when it granted summary judgment in favor of defendant Nimate Naimy d/b/a Laskey and Jackson BP on appellant's claim for negligence."
 {¶ 8} "The trial court erred to the prejudice of appellant when it granted summary judgment in favor of defendant BP Products North America on appellant's claim for negligence."
 {¶ 9} Appellant's assignments of error are interrelated and shall, therefore, be considered together. In deciding the merits of appellant's arguments, we engage in a de novo review. Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711. Summary judgment is appropriate only when the moving party establishes that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C). If the moving party meets its initial burden under Civ.R. 56(C), then the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to show that there is a genuine issue of fact suitable for trial. Dresher v. Burt (1996),75 Ohio St.3d 280, 296. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party. Civ.R. 56(E).
 {¶ 10} It is undisputed that appellant was a business invitee on the Cherry Street service station premises on the night of April 18, 2001. A business invitee is an individual who is "`rightfully on the premises of another for purposes in which the possessor of the premises has a beneficial interest.'" Provencher v. Ohio Dept. of Transp. (1990),49 Ohio St.3d 265, 265-266, quoting Scheibel v. Lipton (1951),156 Ohio St. 308, 328-329. A business owner ordinarily owes its invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203.
 {¶ 11} Nevertheless, a business owner has no duty to protect its invitees from criminal acts of third parties unless the criminal act was foreseeable. Howard v. Rogers (1969), 19 Ohio St.2d 42, paragraphs one and three of the syllabus. In deciding whether the criminal act was foreseeable, a court considers the totality of the circumstances. Warnerv. Uptown-Downtown Bar (Mar. 13, 1998), 6th Dist. No. WD-97-05, citingReitz v. May Co. Dept. Stores (1990), 66 Ohio App.3d 188, 193. Under the totality of the circumstances test, a court may examine relevant evidence that includes the location and character of the business and past crimes of a similar nature. Reitz, 66 Ohio App.3d at 193-194. Finally, due to the fact that criminal acts are frequently unpredictable, the totality of the circumstances must be "somewhat overwhelming" in order to create a duty. Rozzi v. The Cafaro Co., 11th Dist. No. 2001-T-0090, 2002-Ohio-4817, at ¶ 28. A
 {¶ 12} In the present case, appellant discussed certain unauthenticated police reports with Naimy during his deposition. The past incidents that were the subject of these reports allegedly occurred at the Cherry Street service station and included a carjacking in 2000, a victim who was hit on the left side of the head when he or she attempted to sell the suspect a 20 year old camera for $25, a petty theft in 1990, and three reports of criminal damaging (vandalism) in 1998. Naimy did not recall most of these incidents. Furthermore, although Naimy noted that the service station was not located in a "great area," he testified that most of the problems at his Cherry Street station involved persons "hanging around" and the playing of "loud music." He further averred that the service station was never robbed.
 {¶ 13} Assuming, arguendo, that the trial court could and did consider the unauthenticated reports, we find that even in viewing all of the evidence offered in opposition to the motion for summary judgment in a light most favorable to the nonmoving party, appellant failed to create a question of fact on the issue of whether it was foreseeable that he would be physically assaulted and robbed at the Cherry Street service station. Therefore, reasonable minds could only conclude, as a matter of law, that Naimy had no duty to protect appellant from the criminal act of third parties. See Barnes v. North Shore Car Wash (Dec. 3, 1998), 8th Dist. No. 73142. As a consequence, and without deciding whether BP had control over the Cherry Street station, we agree with the trial court in finding that due to a lack of foreseeability, BP owed no duty to protect appellant.
 {¶ 14} Appellant's first and second assignments of error are found not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer P.J., Concur.
[1] BP asserted that Naimy was an independent dealer and that the corporation had no control over his business. On the other hand, appellant contended that despite the fact that BP was an "out of possession landlord," the agreement between Naimy and BP allowed the lessor to exert control over the operation of the service station. Therefore, appellant argued that BP also had a duty to protect the patrons of the Cherry Street service station.