DECISION AND JUDGMENT
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas that granted summary judgment in favor of appellees on appellant's action for damages stemming from injuries she suffered after she fell in a parking lot owned by appellee Cherry Picked Properties, LLC. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} Appellant Sharon Hunter sets forth a single assignment of error:
 {¶ 3} "The trial court erred as a matter of law by granting summary judgment when issues of material fact exist as to whether attendant circumstances impaired appellant's ability to protect herself from a severely deteriorated sewer drain and the foreseeability that such hazard would do harm to business invitees."
 {¶ 4} On December 30, 2006, at approximately 10:00 p.m., appellant lost her footing and fell as she walked to her car in the parking lot adjacent to the Jamin Bingo Hall in Toledo, Ohio. On March 22, 2007, appellant filed a complaint in which she sought to recover for injuries she suffered when she stepped into a sewer drain hole in the parking lot. Appellant claimed negligence on the part of appellees Cherry Picked Properties, LLC, owner of the property, and the True Church of God of the Apostolic Faith, d/b/a Jamin Bingo Hall, lessee of the premises. Appellant subsequently filed a motion for summary judgment in which she asserted that appellees breached their duty to inspect the premises and to protect her from an unreasonably hazardous condition. Appellees responded with a motion for summary judgment asserting that, under the open and obvious doctrine, they did not owe a duty to appellant. In its February 26, 2008 judgment, the trial court concluded that the hole in the parking lot was open and obvious. The trial court also found that appellant had failed to demonstrate any attendant circumstances which would bar application of the open and obvious doctrine. Finding that appellees therefore were under no duty to warn appellant of any danger, the trial court entered judgment for appellees. *Page 3 
 {¶ 5} On appeal, appellant asserts that there are genuine issues of material fact sufficient to preclude the application of the open and obvious doctrine. Appellant claims, as she did in her motion for summary judgment, that the trial court erred by failing to consider certain attendant circumstances which distracted her and prevented her from fully ascertaining the danger in the parking lot the night she was injured.
 {¶ 6} We note at the outset that an appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Lorain Nat'l. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129; Graft on v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ. R. 56(C).
 {¶ 7} Generally, in order to establish negligence, a plaintiff has the burden to show the existence of a duty on the part of the defendant, a breach of that duty, and that the breach proximately caused the aggrieved party's injury. Texler v. D.O. Summers Cleaners ShirtLaundry Co. (1998), 81 Ohio St.3d 677, 680, 1998-Ohio-602. The issue of whether or not a duty exists in a negligence action is one of law for the court to determine. Gin v. Yachanin (1991), 75 Ohio App.3d 802, 804,citing Mussivand v. David (1989), 45 Ohio St.3d 314.
 {¶ 8} It is undisputed that appellant was a business invitee on the premises at the time of the accident. Therefore, appellees owed a duty of ordinary care to maintain the *Page 4 
premises in a reasonably safe condition and to warn of "latent and hidden dangers." Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. Where a danger is "open and obvious," a landowner or business owner owes no duty of care to individuals lawfully on the premises.Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at syllabus. The rationale underlying this doctrine is that the open and obvious nature of the hazard itself serves as a warning and that the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. Simmers v. Bentley Constr. Co., 64 Ohio St.3d 642,1992-Ohio-42. Even when an invitee does not actually see the object or hazard until after he or she falls, no duty exists when the invitee could have seen the object or hazard if he or she had looked.Haymond v. BP America, 8th Dist. No. 86733, 2006-Ohio-2732. Accordingly, when applicable, the open and obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims. Armstrong, supra, ¶ 5. Whether a hazard is an open and obvious condition is a matter of law to be determined by the court and, therefore, a proper basis for summary judgment. Id.
 {¶ 9} The evidence submitted in the case before us clearly demonstrated that the trial court correctly applied the open and obvious doctrine. The depression in the parking lot surface where appellant fell was described as being approximately four feet across and four to five inches deep. Appellant and Robert Curtis, the friend who was with her as she left the hall that night, testified that the depression was not visible in the dark. Both *Page 5 
testified that a car parked next to the building prevented any inside lighting from illuminating the depression.
 {¶ 10} Ohio courts have consistently recognized that darkness is an open and obvious condition. The Ohio Supreme Court has held that "[d]arkness is always a warning of danger, and for one's own protection it may not be disregarded." Jeswald v. Hutt (1968), 15 Ohio St.2d 224, paragraph three of the syllabus. See, also, McCoy v. Kroger Co., 10th Dist. No. 05AP-7, 2005-Ohio-6965, ¶ 16 ("darkness increases rather than reduces the degree of care an ordinary person would exercise") and this court's decision in Leonard v. Modene and Assoc, Inc., 6th Dist. No. WD-05-085, 2006-Ohio-5471 ("[plaintiff] * * * disregarded an open and obvious hazard — the darkness").
 {¶ 11} Appellant testified that she had been to the bingo hall several other times but previously had not parked on the side of the lot where she fell. It was dark when she walked out and the only light in the parking lot was coming from inside the building itself through an open door used as an exit. The weather was dry and the ground was free of snow or ice. Appellant fell as she walked around the car parked by the door. Appellant testified that she walked into the parking lot and around the car despite the darkness. Thus, she acted in disregard of the open and obvious hazard of the darkness. The Tenth District Court of Appeals recently held that a person does not need to observe a dangerous condition for it to be open and obvious under the law. Sherlock v.Shelly Co., 10th District No. 06AP-1303, 2007-Ohio-4522. *Page 6 
 {¶ 12} Appellant also asserts that "attendant circumstances" created a genuine issue of fact that precludes summary judgment. While there is no precise definition of attendant circumstances, they generally include any distraction that would come to the attention of an invitee in the same circumstances and reduce the degree of care an ordinary person would exercise at the time. McGuire v. Sears, Roebuck Co. (1996),118 Ohio App.3d 494, 499. Attendant circumstances may create a genuine issue of material fact as to whether a danger was open and obvious and prevent the application of the open and obvious doctrine. Appellant points to the lack of lighting in the parking lot, the coloration of the drainage hole on the ground, and the parked car that blocked her view of the hazard as attendant circumstances that diverted her attention from the sewer drain.
 {¶ 13} As to the lack of lighting, when appellant was asked whether there was anything that would have prevented her from seeing where she was going, she testified, "No, I could see where I was walking." This court has held that the darkness is an open and obvious condition that an individual is expected to protect herself against. Leonard, supra, ¶ 56-57. Further, Ohio courts have found that darkness is a naturally occurring event and not an attendant circumstance. Huey v. Neal,152 Ohio App.3d 146, 2003-Ohio-391, ¶ 12; see, also, McCoy, supra, ¶ 16. For the foregoing reasons, we find that the dark condition of the parking lot was not an attendant circumstance and that argument is without merit. *Page 7 
 {¶ 14} Appellant also argues that the black drainage hole in the black surface of the parking lot at night was an attendant circumstance. It is undisputed that it was dark when appellant fell and that the pavement was black. Again, the darkness at 10:00 p.m. should increase the degree of care a person would exercise when walking through the parking lot. The coloration of the condition was actually a result of the darkness, which we found above is not an attendant circumstance.
 {¶ 15} Appellant further asserts on appeal that the car parked next to the drainage hole was an attendant circumstance that distracted her attention from the pavement in front of her as she walked. Appellant did not testify, however, that the car diverted her attention from the path she was taking. Again, when asked whether there was anything that would have prevented her from seeing where she was going, she stated, "No, I could see where I was walking." The car parked next to the drainage hole was not an attendant circumstance sufficient to obviate the open and obvious nature of the hole.
 {¶ 16} Based on the foregoing, we find that because the condition of the parking lot was open and obvious, appellees had no duty to warn appellant, a business invitee, of the drainage hole. Further, appellant has advanced no issue of material fact regarding attendant circumstances to preclude application of the open and obvious doctrine. Since, as a matter of law, appellees were under no obligation to warn appellant of the condition of the parking lot, the trial court properly entered summary judgment for appellees. Accordingly, appellant's sole assignment of error is not well-taken. *Page 8 
 {¶ 17} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1