[Cite as *Ramsay v. Menard, Inc.*, 2011-Ohio-3447.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ANNE RAMSAY | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| MENARD, INC., ET AL. | : | Case No. 11CA9 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas, Case No. 09CV1832

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: July 11, 2011

APPEARANCES:

For Plaintiff-Appellant

JAMES E. ARNOLD
W. EVAN PRICE, II
115 West Main Street
Fourth Floor
Columbus, OH  43215

For Defendants-Appellees

GREGORY G. BARAN
3 North Main Street
Suite 500
Mansfield, OH  44902

*Farmer, J.*

{¶1} On January 19, 2009, appellant, Anne Ramsay, was exiting a store, Menard's, when she fell, sustaining injuries.

{¶2} On December 18, 2009, appellant filed a complaint against appellee, Menard, Inc., and several Does, alleging negligence and seeking damages. On September 8, 2010, appellee filed a motion for summary judgment. By order filed December 20, 2010, the trial court found no genuine issues of material fact to exist, granted the motion, and entered final judgment on all claims to appellee.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT MENARD'S, INC."

I

{¶5} Appellant claims the trial court erred in granting summary judgment to appellee as there are general issues of material fact as to whether or not attendant circumstances contributed to her injury and were beyond her control. We disagree.

{¶6} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶7} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it

appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶9} It is undisputed that appellant was a business invitee. Accordingly, appellee owed appellant a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden defects. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203. The open and obvious doctrine, if applicable, is a complete bar to recovery unless the business invitee can establish attendant circumstances. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573. The rationale underlying the open and obvious doctrine is that the "open and obvious nature of the hazard itself serves as a warning and that the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Hunter v. Jamin Bingo Hall,* Lucas App. No. L-08-1086, 2008-Ohio-4485, ¶8. "Although there is no precise definition of 'attendant circumstances,' they generally include any distraction that would come to the attention of an invitee in the same circumstances and reduce the degree of

care an ordinary person would exercise at the time." *Carter v. Miles Supermarket,* Cuyahoga App. No. 95024, 2010-Ohio-6365, ¶18, citing *McGuire v. Sears, Roebuck & Co.* (1996), 118 Ohio App.3d 494.

{¶10} It is appellant's position that her vision was focused on avoiding a store employee maneuvering a shopping cart and therefore she changed her course; her view of the 4x4 was obstructed by shopping carts that a store employee had used to prop open a handicapped gate; she confronted the 4x4 a step or two after she turned to avoid the store employee with the shopping cart; and the 4x4 was obscured by shadows across the floor. See, Appellant's Memorandum in Opposition to Motion for Summary Judgment filed September 24, 2010 at page 11.

{¶11} To counteract the attendant circumstances theory raised by appellant, appellee argued the 4x4 was open and obvious; appellant was wearing her glasses at the time of the fall; the area was properly lit; and she admitted the lighting did not contribute to her fall. Ramsay depo. at 26, 47. Appellee argued it was appellant's failure to look down that caused her fall. Id. at 47-48. Appellant testified she was not distracted by something while exiting the store. T. at 52.

{¶12} The record consists of several depositions including appellant's, videotape surveillance of the area and actual fall, and photographs of the area. As the videotape depicts, a balloon display was over the entrance and secured by what appears to be a continuous piece of wood. Both the display of balloons and the wood are clearly visible. Further, given the configuration of Menard's, the area of the fall was an entrance, not an exit, as is demonstrated by the turnstile entrance and a handicapped gate for entrance.

It was this handicapped gate that appellant chose to exit through which was propped open by shopping carts.

{¶13} Appellant described her exit and fall as follows:

{¶14} "Q. So what do you remember, just sort of walking unobstructed - -

{¶15} "A. Just walking towards the exit.  And the next thing, I'm down on my right side.

{¶16} "Q. Do you remember walking toward the doors and then for some reason making a right turn and taking a few steps before you fell?

{¶17} "A. No.

{¶18} "Q. What did you fall over?

{¶19} "A. Whatever was lying there.

{¶20} "Q. Do you know today what it was?

{¶21} "A. A piece of wood.  Four-by-four.  Something.  I don't know.

{¶22} "Q. Well - -

{¶23} "A. Something that shouldn't have been there.

{¶24} "Q. Well, you may have heard a piece of wood or a four-by four from other people.  Or do you have a recollection of tripping over a piece of wood?

{¶25} "A. I just remember flying through the air.

{¶26} "Q. So you're on your way out of the store and you're walking through the doors, and suddenly you found yourself flying through the air, landing apparently on your right shoulder?

{¶27} "A. Yes.

**{¶28}** "Q. And as far as knowing what you tripped over, you really don't know other than what other people have told you; is that right?

**{¶29}** "A. Right.

**{¶30}** "Q. So if people hadn't told you that you tripped over a piece of wood or a four-by-four, you wouldn't have any idea what you tripped over; is that right?

**{¶31}** "A. Right.

**{¶32}** "Q. What happened, Mrs. Ramsay, after you found yourself on the ground?

**{¶33}** "A. After I found myself on the ground?  Well, I lay there for quite a while.

**{¶34}** "Q. Did you holler out for help or anything?

**{¶35}** "A. No, I did not.

**{¶36}** "Q. So you hit the ground and you're wondering what in the world just happened to me?

**{¶37}** "A. Right.

**{¶38}** "Q. And then some people - -

**{¶39}** "A. And then I think one of the cashiers came over and she got the manager or assistant manager.

**{¶40}** "Q. Did you remain on the ground - -

**{¶41}** "A. Yes, I did."  Ramsay depo. at 31-32.

**{¶42}** Appellant readily admitted she did not know what she fell on as she was not looking down.  Id. at 47-48.  A business owner owes no duty to a business invitee who could have seen an obstruction if he/she would have looked down.  *Lydic v. Lowe's*

*Companies, Inc.* Franklin App. No. 01AP-1432, 2002-Ohio-5001; *Breier v. Wal-Mart Stores, Inc.,* Lucas App. No. L-08-1327, 2008-Ohio-6945.

**{¶43}** Based upon appellant's clear and unequivocal testimony, we find the trial court did not err in granting summary judgment to appellee. The argued attendant circumstances were not solely caused by appellee. Appellant chose to exit through an entrance, turned to avoid a store employee with a shopping cart, and failed to look down.

**{¶44}** We conclude the attendant circumstances were not sufficiently proved to have caused the fall.

**{¶45}** The sole assignment of error is denied.

**{¶46}** The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Edwards, J. concur and

Hoffman, P.J. dissents.

_s/ Sheila G. Farmer_____

_s/ Julie A. Edwards_____

_____

JUDGES

SGF/sg 615

*Hoffman, P.J., dissenting*

**{¶47}** I respectfully dissent from the majority opinion.

**{¶48}** When considering all the evidence in a light most favorable to Appellant, I find reasonable minds could differ on whether there were sufficient "attendant circumstances" to find the 4 x 4 was not open and obvious.

**{¶49}** I do not agree the mere fact the 4 x 4 could have been seen if Appellant had looked down is determinative. An individual is not, as a matter of law, required to constantly look downward while walking. *Hudspath v. The Cafaro Company*, 2005-Ohio-6911, citing syllabus two of *Grossnickle v. Village of Germantown* (1965), 3 Ohio St.2d 96. Given all the attendant circumstances surrounding the grand opening of Appellee's store, including, but not limited to, the festooned temporary archway supported by the 4 x 4, its location, and Appellant's need to maneuver her way around various obstacles during her attempt to exit the store, I find granting Appellee summary judgment based upon the open and obvious doctrine was error.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT


ANNE RAMSAY                             :
                                       :
    Plaintiff-Appellant                 :
                                       :
-vs-                                   :               JUDGMENT ENTRY
                                       :
MENARD, INC., ET AL.                   :
                                       :
    Defendants-Appellees                :               CASE NO. 11CA9


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellant.


   _s/ Sheila G. Farmer_____


   _s/ Julie A. Edwards_____


   _____

                       JUDGES