[Cite as *O'Connor v. Kroger Co.*, 2017-Ohio-1077.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Beulah O'Connor, et al.                    Court of Appeals No. OT-16-020

　　　Appellants                         Trial Court No. 15CV20

v.

The Kroger Co., et al.                    **<u>DECISION AND JUDGMENT</u>**

　　　Appellees                          Decided:  March 24, 2017

* * * * *

Keith G. Malick and Christopher Van Blargan, for appellants.

Sarah A. McHugh, for appellees.

* * * * *

**SINGER, J.**

{¶ 1} Appellants, Beulah and Jeremiah O'Connor, appeal from the May 17, 2016 judgment of the Ottawa County Court of Common Pleas granting summary judgment to appellee, The Kroger Company, and dismissing the complaint of appellants.  Because we find the trial court did not err in granting summary judgment, we affirm.

{¶ 2} On July 20, 2011, Beulah O'Connor, tripped and fell on an uneven sidewalk in front of The Kroger Co.'s store in Port Clinton, Ohio, and injured herself. She was traveling during the afternoon of a dry, sunny day in a direction she had never taken before. She was looking straight ahead, at eye level, at the entrance to the store. Nothing obstructed her view. After she fell, she looked back and saw the variation in the height of the sidewalk slabs. Her husband returned to the area later that day and photographed the uneven sidewalk and he estimated the variation in height was one and one-half inches.

{¶ 3} The O'Connors sued The Kroger Co. asserting claims of negligence on February 27, 2013. The case was dismissed without prejudice and appellants refiled their complaint on January 22, 2015. The Kroger Company sought summary judgment on May 26, 2015. Appellants' response was due July 6, 2015. Appellants filed a memorandum in opposition on that date, but referenced the prior case number "indicated on the court's docket." The Kroger Co. filed a reply to appellants' memorandum in opposition on July 10, 2015.

{¶ 4} The trial court noted in its decision of May 17, 2016 that appellants did not file a response to the motion for summary judgment. The trial court held that The Kroger Co. had no duty to warn appellant, Beulah O'Connor, as a business invitee, of a one and one-half inch variation in sidewalk slab heights because the danger the variation in heights posed was open and obvious and an expected variation.

{¶ 5} After the trial court issued its judgment, appellants filed an appeal and later a Civ.R. 60(B) motion in the trial court. We remanded this case on August 19, 2016, to the

2.

trial court for purposes of ruling on the Civ.R. 60(B) motion. The trial court denied the motion and appellants did not appeal from that decision. Appellants sought a second remand, which was denied.

{¶ 6} On appeal, appellants set forth the following arguments:

FIRST ASSIGNMENT OF ERROR: The trial court erred in granting Defendant, The Kroger Co.'s Motion for Summary Judgment, stating that the uneven sidewalk on which Beulah O'Connor tripped was open and obvious as a matter of law.

SECOND ASSIGNMENT OF ERROR: The trial court's failure to consider all the pleadings constitutes reversible error and a deprivation of the O'Connors' ability to have summary judgment decided on the merits of the case.

{¶ 7} In their first assignment of error, appellants argue that the trial court erred in finding that the uneven sidewalk was an open and obvious danger as a matter of law.

{¶ 8} Appellants argue that appellee owed them a duty to exercise ordinary care in maintaining their property in a reasonably safe condition, to conduct reasonable inspections of its property for hidden or latent dangers, and either warn invitees of the danger or make the property safe for invitees. Appellants further contends a genuine issue of material fact exists as to whether appellee the height variations in the sidewalk was an open and obvious or latent defect and, if a latent defect, whether appellee had constructive notice of it.

3.

**{¶ 9}** To establish negligence, appellants were required to prove a duty owing to the plaintiffs; a breach of that duty; and injury proximately caused by the breach of duty. *Menifee v. Ohio Welding Products, Inc*., 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). A business property owner has a duty "to exercise ordinary care and to protect business invitees by maintaining the premises in a safe condition." *Lang v. Holly Hill Motel, Inc*., 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10, citing *Light v. Ohio Univ.,* 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986). Furthermore, a landowner is not required by common law to protect an individual lawfully on the premises from open and obvious dangers because the fact that the danger is open and obvious serves as a warning to the invitee. *Id*. at ¶ 11. The open and obvious doctrine is a limitation on the business property owners' liability. When the facts are undisputed, the determination of whether a condition on the premises is an open and obvious danger is a question of law for the court to determine, *Howard v. Meat City, Inc*., 3d Dist. Allen No. 1-16-32, 2016-Ohio-7989, ¶ 12, because the issue is whether a reasonable person would have seen the danger and not whether a particular plaintiff saw it. *Id*. at ¶ 14; *Breier v. Wal-Mart Stores, Inc*., 6th Dist. Lucas No. L-08-1327, 2008-Ohio-6945, ¶ 11.

**{¶ 10}** A height variation in sidewalk slabs of less than two inches are commonly encountered by business invitees and, therefore, as a matter of law there is a rebuttable presumption that a variation of less than two inches does not establish evidence of negligence in maintaining the premises in a safe condition. *Helms v. Am. Legion*, 5 Ohio St.2d 60, 213 N.E.2d 734 (1966), syllabus; *Diamond v. TA Operating LLC*, 6th Dist.

4.

Wood No. WD-12-068, 2013-Ohio-3951, ¶ 10.  To overcome the presumption, a party must establish the existence of attendant circumstances which made the condition unreasonably dangerous.  *Howard,* at ¶ 14.

{¶ 11} In the case before us, appellants argue there was a question of fact as to whether the deviation in the sidewalk slab heights was open and obvious.  We disagree. The facts are undisputed.  There is only a question of law for the court of whether the defect in this case, in light of the attendant circumstances described by appellants, was an open and obvious defect.

{¶ 12} The Kroger Co. argues that appellants' facts relating to attendant circumstances were not established by admissible evidence permitted by Civ.R. 56(E). We disagree.  Appellants' evidence of the attendant circumstances was established by O'Connor's deposition and the photographs she authenticated.

{¶ 13} Appellants argue that because of the time of day, no shadow existed to make the deviation noticeable; the deviation was hidden by black caulking surround each block which hid the height variation; and the shopping center was of newer construction which lowered O'Conner's expectation of finding shifting concrete slabs.  The Kroger Co. argues that O'Connor testified at her deposition that had she been looking, she would have seen the danger.

{¶ 14} We find the trial court did not err, as a matter of law, in concluding the difference in the sidewalk slab heights of one and one-half inches was readily observable and was a commonly-encountered variation.  The attendant circumstances described by

5.

appellant do not alter the fact that the defect could have been seen if a reasonable person had been paying attention. Therefore, we find the trial court did not err in finding The Kroger Co. was entitled to judgment as a matter of law. Appellants' first assignment of error is not well-taken.

{¶ 15} In their second assignment of error, appellants argue that the trial court erred by failing to consider their memorandum in opposition to the motion for summary judgment. We disagree. Because there was an error in the filing of the memorandum in opposition, we remanded this appeal to the trial court so the issue of the missing memorandum could be addressed. The trial court denied the motion for relief from judgment on the ground that appellants did not have a meritorious defense. Appellants did not appeal from that judgment and, therefore, we cannot address that judgment. As to the judgment granting summary judgment, appellants have not shown their case was prejudiced by the court's failure to consider their memorandum in opposition. We find appellants' second assignment of error not well-taken.

{¶ 16} Having found the trial court did not commit error prejudicial to appellants and that substantial justice has been done, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

6.

OT-16-020
O'Connor, et al. v. The
Kroger Co., et al.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                  _____
                                                        JUDGE

Arlene Singer, J.                
                                      _____

James D. Jensen, P.J.                                                   JUDGE
CONCUR.

                                      _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.