[Cite as *Caruso v. Erie Shoreline Properties, L.L.C.*, 2018-Ohio-1659.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Cindy A. Caruso, et al.                     Court of Appeals No. OT-17-028

    Appellants                          Trial Court No. 16CV209

v.

Erie Shoreline Properties, LLC, et al.      **DECISION AND JUDGMENT**

    Appellees                           Decided:  April 27, 2018

* * * * *

Kevin J. Zeiher and Zachary E. Dusza, for appellants.

Michael P. Gilbride, for appellees.

* * * * *

**JENSEN, J.**

{¶ 1} Cindy A. Caruso and her husband, Frank Caruso, appeal from the

December 11, 2017 judgment entry of the Ottawa County Court of Common Pleas which

granted summary judgment to Erie Shoreline Properties, LLC ("Erie") and Moore

Lakeshore Investments, LLC ("Moore") on Mrs. Caruso's personal injury claim. For the following reasons, the judgment of the trial court is affirmed.

{¶ 2} On September 20, 2015, Mrs. Caruso fell and fractured her ankle while playing a round of putt-putt golf at Island Adventures Putt-Putt Golf Course in Catawba Island, Ottawa County, Ohio ("Island Adventures"). Island Adventures is owned and operated by Erie and Moore.

{¶ 3} On July 18, 2016, the Carusos filed a complaint against Erie and Moore. The complaint alleged that Erie and Moore were "negligent in the construction and maintenance of the golf course and in violating Ohio Building Code Section 1013.1" and "negligent per se in the construction of the raised green, in failing to provide guards." The Carusos further alleged that as a direct and proximate result of the negligence, Mrs. Caruso sustained "painful personal injuries," and incurred medical expenses and "loss of the enjoyment of life." The Carusos further alleged that Mr. Caruso "lost the care, comfort, society, affection and consortium of his wife." Erie and Moore filed an answer denying the allegations and setting forth a number of affirmative defenses.

{¶ 4} On March 29, 2017, Erie and Moore filed a motion for summary judgment, which was granted by the trial court. Caruso appeals, raising one assignment of error for our review:

> The trial court committed reversible error when it found that there is
> no issue of material of [sic] fact yet to be litigated and that Defendants are
> entitled to judgment as a matter of law.

2.

**{¶ 5}** Caruso contends that the trial court erred in granting summary judgment, because it incorrectly concluded that the hazard had been open and obvious; alternatively, she argues that the trial court erred in finding no genuine issue of material fact as to whether attendant circumstances excused her failure to recognize the open and obvious hazard. Finally, she argues that fall would have been prevented had Erie and Moore installed a guard required by the Ohio Basic Building Code.

**{¶ 6}** Our standard of review for summary judgment is the same as that of the trial court. We review cases "de novo, governed by the standard set forth in Civ.R. 56." *Comer v. Risko*, 106 Ohio St.3d 185, 186, 2005-Ohio-4559, 833 N.E.2d 712. Applying Civ.R. 56(C), summary judgment is appropriate where: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Bostic v. Connor*, 37 Ohio St.3d 144, 146 524 N.E.2d 881 (1988).

**{¶ 7}** In any negligence action, the plaintiff must demonstrate the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of the duty. *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989); *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989).

**{¶ 8}** Under the common law related to premises liability, the status of a person who enters on land determines the nature and extent of the legal duty owed to him or her. *Shump v. First Continental-Robinwood Assocs.*, 71 Ohio St.3d 414, 417, 644 N.E.2d 291 (1994). In this case, there is no dispute that Mrs. Caruso was a business invitee. Thus,

3.

Erie and Moore could expect that Mrs. Caruso would protect herself from dangers on the putt-putt course that were open and obvious.

{¶ 9} An owner or occupier of land owes a business invitee a duty to exercise ordinary care in maintaining the premises in a reasonably safe condition, in order to ensure that the invitee is not unnecessarily and unreasonably exposed to danger. *Bumgardner v. Wal-Mart Stores, Inc.*, 2d Dist. Miami No. 2002 CA 11, 2002-Ohio-6856, ¶ 9. An owner or occupier of land owes no duty to warn invitees of open and obvious dangers on the property, because invitees may reasonably be expected to discover them and protect against them. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 204, 480 N.E.2d 474 (1985), citing *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968).

{¶ 10} "The question of whether a particular danger is open and obvious is answered objectively, without regard to the injured plaintiff. Accordingly, the open-and-obvious test 'properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it.'" *Hissong v. Miller*, 186 Ohio App.3d 345, 2010-Ohio-961, 927 N.E.2d 1161, ¶ 8, quoting *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶13. "The open and obvious doctrine relates to the duty prong of negligence, and acts as a bar to recovery." *Johnson v. Southview Hosp.*, 2d Dist. Montgomery No. 25049, 2012-Ohio-4974, ¶ 9, citing *Armstrong* at ¶11.

4.

**{¶ 11}** "What is material to the open-and-obvious test is whether the danger is observable, which means it 'is discoverable or discernible by one who is acting with ordinary care under the circumstances.'" (Citations omitted). *Hissong* at ¶ 11. "[T]he question is answered, and the open-and-obvious nature of the danger is established, if the plaintiff admits that if she had looked down she would have seen the danger." *Id.* at ¶ 12.

**{¶ 12}** In her deposition, Mrs. Caruso testified that had she looked, she would have been able to see the railroad tie that caused her to trip and fall down a bank near the course's sixteenth hole. The following exchange occurred during Mrs. Caruso's deposition:

> Q. Would you agree with me, though, when you were standing up here if you had turned around and looked you would be able to see that there was a dropoff here?
>
> A. Yes.
>
> Q. And you would be able to see this railroad tie?
>
> A. Sure.
>
> * * *
>
> A. So I was going back like this looking at Sandy to, for her to shoot and now I've got to get out of – or move my feet or do whatever.
>
> Q. Okay. But if it had not, if your attention had not been on her and it'd been in this area, you wouldn't have had any issues seeing those things?

5.

A.  No, I wouldn't have had * * * I mean, I don't think I would have ever been facing this way.  Do you know that I mean?  Because someone's shooting so I'm looking at her and I'm backing up.  So now if I had been facing that way, sure, I would have seen that.

{¶ 13} In granting summary judgment, the trial court found no genuine issue of material fact existed as to the open and obvious nature of the hazard upon which Mrs. Caruso tripped.  We agree that a person using ordinary care while playing putt-putt with three other individuals would have discovered the railroad tie and avoided it.  Furthermore, according to Mrs. Caruso, this was the third time she played the Island Adventures course.  Thus, she would have been familiar with care necessary to navigate the obstacles of the terrain.  We find no merit in Mrs. Caruso's first argument under her sole assignment of error.

{¶ 14} "As a corollary to the open and obvious doctrine, [courts] have recognized that there may be attendant circumstances which divert the individual's attention from [a] hazard and excuse her failure to observe it."  *Olivier v. Leaf & Vine*, 2d Dist. Miami No. 2004 CA 35, 2005-Ohio-1910, ¶ 22, citing *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088.  Attendant circumstances generally include "any distraction that would come to the attention of an invitee in the same circumstances and reduce the degree of care an ordinary person would exercise at the time."  *McDonald v. Marbella Rest.*, 8th Dist. Cuyahoga No. 89810, 2008-Ohio-3667, ¶ 29, citing *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494, 498, 693 N.E.2d 807 (1st Dist.1996).

6.

{¶ 15} Mrs. Caruso argues that summary judgment was inappropriate because reasonable minds could reach different conclusions as to whether attendant circumstances preclude the application of the open-and-obvious doctrine. In her deposition, Mrs. Caruso testified that when she tripped, she was walking backward and her attention was on Sandy, the woman who played her ball directly after Mrs. Caruso. "Attendant circumstances do not include * * * an individual's activity at the moment of the fall, unless the individual's attention was diverted by an unusual circumstance of the property owner's making, and is beyond the control of the injured party." *Id.*, citing *Lang v. Holly Hill Motel, Inc.*, 4th Dist. Jackson No. 06CA18, 2007-Ohio-3898, ¶ 21.

{¶ 16} The facts are not in dispute, Mrs. Caruso was walking backward on a putt-putt golf course while watching another women play her ball during an ordinary round of putt-putt golf. Mrs. Caruso was not distracted by an unusual circumstance. Her decision to walk backward on the course while watching another player was well within her control. We find no merit in Mrs. Caruso's second argument under her sole assignment of error.

{¶ 17} Lastly, Mrs. Caruso argues that if Erie and Moore had installed a guard rail as required by the Ohio Basic Building Code, her fall would have been prevented. While a violation of a building code may serve as evidence of negligence, "the open and obvious doctrine may be asserted as a defense to a claim of liability arising from a violation of the Ohio Basic Building Code." *Lang v. Holly Hill Motel*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 24. Here, the open and obvious nature of the

7.

hazard was observable and not diminished by attendant circumstances. Thus, we find no merit in Mrs. Caruso's third argument under her sole assignment of error.

{¶ 18} For the foregoing reasons, Mrs. Caruso's sole assignment of error is not well-taken.

## Conclusion

{¶ 19} For the reasons set forth above, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                          _____
                                                                    JUDGE
James D. Jensen, J.

                                              _____
Christine E. Mayle, P.J.                                        JUDGE
CONCUR.

                                              _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

8.